UNITED STATES' DISTRICT COURTS - COURTS OF APPEALS
SECOND CIRCUIT, New York

---

ALROY RICHARDS
    *Petitioner-Appellant*
 vs.

                    **Index#: 23-8033**

NEW YORK CITY HEALTH & HOSPITALS CORPORATION
<u>ATTN</u>: Corporation Counsel
    *Respondents – Respondents*    **AFFIDAVIT OF SERVICE**

---

I, Alroy Richards, Petitioner-Appellant, being a person over the age of 18 years, and living in the State of New York, hereby certify that I have served a true and correct copy of the documents, from Petitioner-Appellant, **SERVED** on **03/27/202**_, by **U.S.P.S. Mail** (and, courtesy copy, by Email):

**NYSDHR's RULES**, and **STATUTES**, from (sourced by) Petitioner-Appellant, compiled **03/26/2025**, to Corporation Counsel.

**Service** were being done through **U.S.P.S. Mail**, plus sent by respective **Email**, as courtesy, to the Counsels, and addresses noted below:

RESPONDENTS – NYC HEALTH and HOSPITALS CORPORATION, c/o NYC Law Department, **ATTN**: Corporation Counsel
100 Church Street
New York, N.Y. 10007
**ATTN: Ms. MELANIE WEST**, *Assistant Corporation Counsel* (Supervising)
**Email: mwest@law.nyc.gov** Or Her Nominee & to Mr. **Jamison Davies**, *Assistant Corporation Counsel*, **Email:** jdavies@law.nyc.gov , plus, to **ServiceECF@law.nyc.gov**.

Dated: Nassau County, N.Y.
  27th day of March 2025.

                    _____
                    **ALROY RICHARDS**
                    *Petitioner-Appellant, Pro-Se*

# ✓ UNITED STATES' DISTRICT COURT

✓ COURT OF APPEALS, Second Circuit - New York

**ALROY RICHARDS**
    *Petitioner-Appellant*
vs.

**NYC HEALTH & HOSPITALS CORPORATION**
**ATTN:** Corporation Counsel
    *Respondents-Defendants*

'WITHOUT PREJUDICE'

Case #23-8033

NYSDHR's - **RULES, LAWS,** Under Their Own *"**EQUITY, ENFORCEMENT,** And, **ENGAGEMENT**"* - Additional Information, By Petitioner-Appellant

---

    Petitioner-Appellant, Pro-Se, is herein asking this honourable Court, to make further assessments, with respect to further (additional) information, sourced, by the Litigant. Invariably, putting the Respondents on **Fair Notice**, as per usual, throughout, and possibly, if warranted, in preparation for the Oral Arguments, if this Court compels same. These crucial details, will, in Good Faith, cause the Respondents, and even the NYSDHR, to revisit these **customs**, **Practices**, and **Statutes**, that do indeed exist, but, which were not applied, by the NYSDHR, to material matter currently before this Court. Subsequently, the Petitioner-Appellant, is asking the Court, to augment to the Litigant's positions, as critical to issues (too).

I, **Alroy Richards,** *Petitioner-Appellant (Pro-Se),* herein, further state, and say:

(a) These information are found under **section 465** of the NYS **Division of Human Rights Laws**.
(b) "**PURPOSE**" of the NYSDHR, is to (quote) – "**Investigate, prosecute,** and **adjudicate,** thousands of active cases, and reach millions of New Yorkers, across the State, with such information, on their **Rights,** and also **Protections**" (end of quote).
"**VISION**" of the NYSDHR (quoting) – "A New York free of Discriminations, where, everyone can **fullfill their (maximum) potential,** and, **participate fully,** in the life of the State" (end of quote).
(c) Definitions are found under section 465.1, on that document's Page 2.
(d) Plaintiff had **filed** matter with the NYSDHR on **08/26/2020**. Records. **Doc. 2-1, pgs. 74-82, ID #264-#272,** or App. 2, Vol. 1, pgs. 130-138. Critical.
(e) **RESPONDENTS' RESPONSES, WERE ONLY ON 10/28/2020. Doc. 2, pgs. 154-165, ID #159-170,** or, App. 2, Vol. 1, pgs. 147-158. Being **THIRTY ONE (31) DAYS LATE.** Critical.

1



(f) Despite what the Respondents have opined, and in contravention of the NYSDHR's own **Mandate**, Petitioner-Appellant, will show, that, the Statute has stated, and inferred, that – "Once a **Complaint** is **filed**, the **Respondents have THIRTY (30) DAYS, to Respond**, with a **VERIFIED ANSWER**, duly **Notarised**". Custom, practice, Statute. Never adhered to. Respondents **RESPONDED 10/28/2020**; no Agreements, no "Order", neither extensions, nor did NYSDHR consult, no discussions, no knowledge, nor permission, of the Petitioner-Appellant. Distinct **STATUTE OF LIMITATIONS** Breaches. Literal **DEFAULT, in favour of** the **Litigant;** not subjective.

(g) The Verified Answer, **MUST**: (a) **ADDRESS EACH FACTS ALLEGED**, by Plaintiff, or (b) State Lack of knowledge, thereof. (c) **EACH DENIAL OF FACTS, MUST BE EXPLAINED**; not subjective.

(h) A **POSITION STATEMENT** is required, which is, or can be, a **LETTER, DESCRIBING RESPONDENTS' SIDE** of the issues; not subjective.

(i) Now, after, and, only after, the Respondents have filed their required Verified Answer, compulsory after thirty (30) days, **WILL THE NYSDHR INVESTIGATE**, and, **not the reverse**. Hence, the NYSDHR allowed the Respondents, **without Due Cause**, without **Good Faith Reasons**, to **arbitrarily**, and **conveniently** Respond, on 10/28/2020, to Litigant's 08/26/2020 filings; not subjective. Breach in STATUTES OF LIMITATIONS.

(j) The Investigations, by the NYSDHR, will entail: (i) **Written Inquiry**, (ii) **FIELD INVESTIGATIONS**, and (iii) **INVESTIGATORY CONFERENCES**. Almost in those exact order. These were not adhered to, by the NYSDHR; not subjective.

(k) **NYS Executive Laws**, Article 15, s/s **297 (2) (a)**, requires the NYSDHR, to make a **DETERMINATION**, and **DECISION, WITHIN ONE HUNDRED AND EIGHTY (180) DAYS, AFTER RECEIPT OF THE COMPLAINT**, from the "Plaintiff". Clear Breach, by the NYSDHR. NYSDHR without Due Cause, without Good Faith Reasons, **FIRST** arbitrarily, **capriciously, egregiously,** and conveniently **Responded**, to the Petitioner-Appellant, on **09/22/2020**. **Doc. 2-1, p. 8, ID #198**, or, App. 2, Vol. 1, p. 144. Their **Final** Determination and Decision, is at **Doc. 2, pgs. 54-55, ID #59-#60**, or, App. 2, Vol. 1, pgs. 223-224. **DUE DATE** is **02/22/2021**. Petitioner-Appellant **RECEIVED IN U.S.P.S. MAIL, NYSDHR's UNDATED** Determination, and Decision, on **06/12/2021**. So, **OVER DUE** by at least **ONE HUNDRED and TEN (110) DAYS**. Untenable.

(l) **NO HEARING**, infront Administrative Law Judge.

(m) **NO QUESTIONNAIRES** to **RESPONDENTS, & A HALF A PAGE TO PLAINTIFF, WITH LITERALLY A FEW QUESTIONS. NO INTERVIEWS** either, **NEITHER SITE VISITS**.

(n) Consequently, **RECORDS** were **NOT DEVELOPED, THROUGH DISCOVERIES**.

(o) **NO REQUESTS FOR DOCUMENTS**, and **INSTRUMENTS**, like **AUDIOS**, and, **C.C.T.V. IMAGES, BY** the **NYSDHR, FROM RESPONDENTS**, otherwise, such as **ALL EMPLOYMENT CONTRACTS**, and, **OTHER INDIVIDUALLY SIGNED STATEMENTS**, from, **WITNESSES**, alike, with truths, and which can truly declared to be such, after probes. Noted, are that Employment Contracts **still not presented** before the NYSDHR, nor, before the Lower Court,

and in this jurisdiction, **neither did Respondents complied with** the **TERMS** and **CONDITIONS of THE EMPLOYMENT**. Required, and, intimated by Litigant, throughout, even at the NYSDHR's levels. Can't be produced retroactively here though, out of "convenience", and, after the facts. **Prejudices**, towards the Petitioner-Appellant, based on the developments.

(p) Queries as to the Records, not done, by the NYSDHR, **NOR WERE WITNESSES SUMMONED**, and **CROSS EXAMINED**, and, in particular, **BE DONE BY THE PETITIONER-APPELLANT**.

(q) Statutes in same section 465, also alluded to **SERVICE**, including, **SERVICE OF ORDERS**, and **DOCUMENTS**. Important. **PROOF OF SERVICE, MUST** be shown, of Services, **TO ALL PARTIES**, by, by the NYSDHR, in the form of: (i) **REGISTERED** Mail, (ii) **REGULAR "U.S.P.S."** Mail, or, (iii) **PERSONAL DELIVERY**, by Hand. Followed by, **Proof Of Filing**, of, an **AFFIDAVIT OF SERVICE**, which, **must be declared**, and **presented**, **to ALL PARTIES** – for the Records. Never done, by the NYSDHR, and, can't now be done retroactively, as, Prejudiced, towards the Petitioner-Appellant.

Matters are not limited to just these scenarios, and **indisputable, proven, facts**, etched in Statutes, that the Litigant wishes to point out, to the Respondents, and, in reminding the NYSDHR of. Therefore, Petitioner's-Appellant's further writings, to this Court. Hence, the Petitioner-Appellant is beseeching, and asking, this honourable Court, to adopt these additional materials, which are critical to this case. Any other Claims, by the Respondents' agents, are **follies, innuendos, cruel, diabolical untruths**, still meant to cause this Litigant **harm**. The NYSDHR is **sneaky, selfish**, and **underhanded**, in that UNDATED Decision and Determination, received by the Petitioner-Appellant, in the U.S.P.S. Mail, on 06/12/2021, which have been **proven**, thus, inferences, which this Courts of Appeals, Second Circuit, will draw, nonetheless.

Dated: 26th day of March 2025.
    County of Nassau, N.Y.

                                            **ALROY RICHARDS**
                                        *Petitioner-Appellant, Pro-Se*

TO:      Senior Hon. Justices Or Senior Clerk of the Courts
           U.S. District Courts
           Courts of Appeals, Second Circuit
           40 Foley Square
           New York, N.Y. 10007

COPIED:  ALL RESPONDENTS c/o Corporation Counsel
           NYC Law Department

100 Church Street
New York, N.Y. 10007, **ATTN**: Ms. **MELANIE WEST**, *Assistant Corporation Counsel*
(Supervising), or *Her Nominee*, **Email**: mwest@law.nyc.gov
Or Mr. **JAMISON DAVIES**, *Assistant Corporation Counsel*, **Email**: **jdavies@law.nyc.gov**
Plus, **ServiceECF@law.nyc.gov**

*[signature]*
03/26/2025

4